MICHAEL J. GARCIA, CITY ATTORNEY
ANN M. MAURER, CHIEF ASSISTANT CITY ATTORNEY, SBN: 179649
CARL ARIAS, PRINCIPAL ASSISTANT CITY ATTORNEY, SBN: 205068
613 E. Broadway, Suite 220
Glendale, CA 91206
Telephone: (818) 548-2080
Facsimile: (818) 547-3402
Email: carias@glendaleca.gov; carias@glendaleca.gov

Attorneys for Defendant
CITY OF GLENDALE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JOE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF GLENDALE AKA GLENDALE WATER & POWER,<br><br>　　　　Defendant. | Case No.: 2:24-cv-07039-HDV-PD<br><br>**DEFENDANT CITY OF GLENDALE'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF CARL B. ARIAS**<br><br>[Filed Concurrently with (Proposed) Order]<br><br>Date:　　November 14, 2024<br>Time:　　10:00 a.m.<br>Courtroom:　5B |

TO PLAINTIFF IN PRO SE:

　　PLEASE TAKE NOTICE that on November 14, 2024 at 10:00 a.m. in Courtroom 5B of the above-entitled court located at 350 W. 1st Street, Los Angeles, CA. 90012, Defendant, City of Glendale ("Defendant"), will and hereby does move this Court, to dismiss the complaint for lack of subject matter jurisdiction under Federal Rules of Civil Procedure, Rule 12(b)(1), or alternatively for a more definite statement.

///
///
///

This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the papers and pleadings on file in this matter, and on such further oral or written argument as the Court may consider at the hearing on this matter.

**MEET AND CONFER COMPLIANCE**

On September 19, 2024, and again on September 30, 2024, the parties met and conferred by telephone. The parties discussed the Complaint and the issues raised in this Motion, including whether there is jurisdiction to file this action in federal court. The parties were unable to resolve any of the issues addressed in this motion. (Please see the attached Declaration of Carl B. Arias.)

DATED: October 8, 2024                    MICHAEL J. GARCIA, CITY ATTORNEY


By: _____
    CARL B. ARIAS
    Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

Plaintiff Brandon Joe Williams filed a complaint against City of Glendale, aka Glendale Water & Power alleging claims for Breach of Contract and Breach of Fiduciary Duties. The contract is apparently a bill or account statement from Glendale Water and Power which Plaintiff attached to the complaint as Exhibit A.

From Exhibit A it appears that Plaintiff was a Glendale Water and Power customer in December of 2023 and he received a bill for $356.30. Beyond that, the complaint is indecipherable.

As explained below, this Court does not have subject matter jurisdiction over this matter. Even if the court had jurisdiction, Plaintiff must provide a more definite statement because Defendant cannot determine what the basis is for his claims.

## II. THERE IS NO EVIDENCE OF SUBJECT MATTER JURISDICTION ON THE FACE OF THE COMPLAINT

Plaintiff alleges that this Court has jurisdiction over this matter under 28 U.S.C. section 1331. That section provides that district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Federal courts are courts of limited jurisdiction. They have neither inherent nor general subject matter jurisdiction. They can adjudicate only those cases that the Constitution and Congress authorize them to adjudicate: those involving diversity of citizenship or federal question. (See *Kokkonen v. Guardian Life Ins. Co*. (1994) 511 U.S. 375, 377, 114 S.Ct. 1673, 1675.) It is presumed a case lies outside this limited jurisdiction and the burden of establishing otherwise rests on the party seeking to assert jurisdiction. (*Ibid*.)

Here, the complaint together with the documents attached to the complaint fail to establish grounds for federal subject matter jurisdiction as required by Rule 8(a)(1). Plaintiff has alleged two state law claims for breach of contract and breach of fiduciary duties. He repeatedly cites to the UCC, but identifies no claims arising under the Constitution, laws or treaties of the United States. The lack of subject matter jurisdiction

appears from the face of the Complaint and warrants dismissal under Federal Rules of Civil Procdure section 12(b)(1).  (See, *Warrant v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003).)

## III. IF THE COURT FINDS JURISDICTION EXISTS, PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT

A motion for a more definite statement under Federal Rules of Civil Procedure Rule 12(e) is proper where the Complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading.

As set forth above, that is the situation here.  Other than inferring that Plaintiff is complaining about some action relating to his water and power bill, the complaint does not set forth the factual basis of his claims or what relief he is seeking. There is no description in the complaint as to how Defendant breached any contract or fiduciary duty. As such, assuming the Court concludes there is subject matter jurisdiction, Defendant requests Plaintiff be ordered to provide a more definite statement.

## IV. REQUESTED RELIEF

Defendant respectfully requests that the Court grant the motion and dismiss the Complaint for lack of subject matter jurisdiction, or alternatively order Plaintiff to provide a more definite statement.

DATED: October 8, 2024               MICHAEL J. GARCIA, CITY ATTORNEY

By: *Carl Arias*

CARL B. ARIAS
Attorneys for Defendant

- 4 -

# **DECLARATION OF CARL B. ARIAS**

I, Carl B. Arias, declare as follows:

1. I am an attorney duly authorized to practice before this Court and all Courts of the State of California and I am a Principal Assistant City Attorney for the City of Glendale, City Attorney's Office, counsel for Defendant. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. On September 19, 2024, I spoke by telephone with Plaintiff Brandon Joe Williams, who is representing himself in this action ("Plaintiff"). I told Plaintiff that I did not believe his complaint for breach of contract adequately set forth how or when he and Defendant entered into a contract. I told Plaintiff that I believed the complaint failed to describe how Defendant allegedly breached any contract or fiduciary duty. I further told Plaintiff that I did not believe he had grounds to file his lawsuit in federal court.

3. I asked Plaintiff if he would be willing to file an amended complaint in state court. Plaintiff said that he believed the complaint adequately set forth his claim. He said that he preferred to file it in federal court, and if the District Court dismisses his case, he will then refile it in state court.

4. Pursuant to the Court's September 25, 2024 order, I again spoke with Plaintiff on September 30, 2024 to meet and confer regarding the issues raised in this motion. We discussed the substance of the complaint, whether it properly alleged claims for relief, and whether there was jurisdiction to file this case in federal court. However, we were unable to informally resolve these issues.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of October, 2024 at Glendale, California.

*Carl Arias*
_____
Carl B. Arias