BRANDON JOE WILLIAMS®
P.O. Box 1962
Glendale, California 91209
747-273-0799
Brandon Joe Williams, Attorney-in-fact
Brandon@williamsandwilliamslawfirm.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT of CALIFORNIA
# WESTERN DIVISION (LOS ANGELES)

CIVIL ACTION NO. **2:24-cv-07039-HDV-PD**

| | |
|---|---|
| BRANDON JOE WILLIAMS®, *Plaintiff*, v. CITY OF GLENDALE AKA GLENDALE WATER & POWER *Defendant*. | **Honorable Judge Hernan D. Vera** <br><br> **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** <br><br> **Date: November 14, 2024** <br> **Time: 10:00 a.m.** <br> **Courtroom: 5B** |

TO THE HONORABLE COURT, THE DEFENDANT, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, **BRANDON JOE WILLIAMS®**, presented by agent Brandon Joe Williams, hereby files this **Response in Opposition** to Defendant **City of Glendale's** Motion to Dismiss, pursuant to **Local Rule 7-9**, and any other applicable rules or authorities governing motions in this Court. This Response is made in connection with the hearing scheduled for **November 14, 2024, at 10:00 a.m. in Courtroom 5B**, of the above-entitled court located at **350 W. 1st Street, Los Angeles, CA 90012**.

Plaintiff opposes Defendant's motion on the grounds that the **Complaint sufficiently states claims** upon which relief can be granted, and the Court **does have subject matter jurisdiction** over this matter. In the alternative, Plaintiff requests that the Court deny Defendant's Motion for a More Definite Statement, as the Complaint provides adequate notice of the claims and allegations.

This Response is based upon the attached *Memorandum of Points and Authorities*, the papers and pleadings on file in this matter, and such further argument or evidence as may be presented at the time of hearing on this matter.

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams*
Brandon Joe Williams, PRO SE
P.O. Box 1962
Glendale, California 91209
Brandon@williamsandwilliamslawfirm.com
(747) 273-0799

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Brandon Joe Williams respectfully submits this *Memorandum of Points and Authorities* in opposition to Defendant City of Glendale's *Motion to Dismiss*. Plaintiff contends that this Court **does have subject matter jurisdiction** over the matter, primarily due to the pervasive role of **negotiable instruments** in both federal and state law. Plaintiff further asserts that the complaint provides a clear and adequate basis for the claims under **Federal Rule of Civil Procedure 8(a)(1)** and opposes any requirement for a **more definite statement** under **Federal Rule of Civil Procedure 12(e)**. Relevant case law supports Plaintiff's position that the complaint, when liberally construed, is sufficient under the pleading standards applicable in federal courts.

## II. ARGUMENT

### A. This Court Has Subject Matter Jurisdiction Over the Case

Defendant's primary argument for dismissal rests on the assertion that there is no federal subject matter jurisdiction over this case. Plaintiff respectfully disagrees and asserts that this Court has jurisdiction because **negotiable instruments** are a fundamental part of commerce, which extends across state and federal lines and influences every aspect of our nation's financial system.

**Federal Reserve Notes, loans, leases, credit cards, and any form of an unconditional promise or order to pay** are all governed by laws and principles embodied in **negotiable instruments** under *Article 3 of the Uniform Commercial Code (UCC)*. As Plaintiff has consistently stated, negotiable instruments are part of the "woof and warp" of daily commercial transactions, and given their role in **interstate commerce**, they fall within the purview of federal jurisdiction under **28 U.S.C. § 1331**.

On page 3 of the *Defendant's Motion to Dismiss*, it is said: "As explained below, this Court does not have subject matter jurisdiction over this matter. Even if the court had jurisdiction, Plaintiff

must provide a more definite statement because Defendant cannot determine what the basis is for his claims."

I would like it to be known that I have spent a tremendous amount of time thinking about this particular aspect and I do not see how it would be possible that this court would not have jurisdiction over this case. The reason being is that negotiable instruments involve the woof and warp of every aspect of our nation. Meaning all Federal Reserve Notes, all loans, all leases, all unconditional promises and orders to pay… we deal with negotiable instruments constantly and incessantly in all areas of our life. Literally every single time we all use our credit cards, we are producing an unconditional promise to pay (which is currency)!

The plaintiff recently filed another suit in State court (California) and I was shocked to see that 'negotiable instruments' was not even an option on the civil cover sheet. I ended up having to use 'contractual fraud' as the primary aspect of the case, when it was simply a negotiable instruments case. Whereas, at the Federal level, we have item #140 on the civil cover sheet which clearly is involving negotiable instruments.

The plaintiff has filed many lawsuits at the Federal level due to the personal enjoyment of using PACER and the overall stability and clarity available at the Federal level that I simply do not see at the State level. I even went down to the Federal courthouse and, while it seemed quite empty, it was much more clean and appeared to have more 'pride,' shall we say, in what was happening.

A 'Federal question' is one that involves factors that go beyond simply a single State… I completely understand this. And the Uniform Commercial Code is an excellent example of a major area of confusion on this. Reason being is that it is generally a State-level concern but, if you actually take the time to review the Commercial Code adaptations at the State level for each State, they are literally (or almost) an exact duplicate. Plus the functionality and duplication of the basic ideas of the

UCC (meaning, the technology of negotiable instruments) are almost identical in most of the countries on Earth.

So, I started to ask myself… "Brandon, if the UCC does not apply on the Federal level for some reason, yet the civil cover sheet literally lists "negotiable instruments" under #140, is it possible that there is some other body of law that would operate at the Federal level which would govern negotiable instruments?"

The plaintiff has looked and searched and it appears as though the Uniform Commercial Code is **DE FACTO** law at the Federal level. Meaning it is not "officially" law at the Federal level but is law 'unofficially' at the Federal level. Frankly, I think this is ridiculous figuring that it is essentially the EXACT SAME THING IN EVERY STATE ADAPTATION.

It's like a bunch of cars that all have slightly different paint and people say 'see, they are all so different!' Then you come in close for a better inspection and every car has the exact same engine, transmission, drivetrain, tires, etc.

It makes no sense that negotiable instruments, which is, to some degree, the spinal cord of our ENTIRE legal system, is somehow "not law" or "not a jurisdiction" of a Federal court. In fact, I believe the Federal court should take more measures to ensure clarity and specifics of this terribly important and incredible body of technology.

Negotiable instruments heavily affect every man, woman and child in the United States of America. What occurs involving negotiable instruments has the ability to make or break this entire country. It is a subject that deserves to be spoken about at the Federal level on a constant and consistent basis. Conversations regarding it should be done with care and pride. The Uniform Commercial Code should be regarded as a de facto goldmine of structure and truth regarding a majority of what happens here.

If a judge is supposed to rule on "fact and law," then the UCC, at the Federal level, would operate as a FACT and should be carefully administered. Because, if it's not the UCC, then what regulates unconditional promises and orders to pay (of which includes Federal Reserve Notes) at the Federal level? The question only has one answer… the Uniform Commercial Code.

**B. The Complaint Sufficiently States a Claim, and Pleadings Must Be Construed Liberally**

The Defendant asserts that the complaint fails to provide sufficient detail to establish a claim and demands a **more definite statement**. Plaintiff contends that this argument is without merit under established legal precedents.

1. **Liberal Construction of Pro Se Pleadings**

Federal courts have consistently held that pleadings, especially those filed by **pro se plaintiffs**, must be construed liberally. The Supreme Court in ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007), made it clear that "a document filed pro se is to be liberally construed." The ***Erickson*** court emphasized that courts must apply "less stringent standards" to pleadings submitted by individuals without legal representation, provided that the complaint provides the defendant with "fair notice" of the claim and the grounds upon which it rests.

In this case, the Plaintiff has **clearly outlined the basis of his claims**—that the Defendant failed to honor its obligations under a negotiable instrument, a municipal bill issued by the City of Glendale. The complaint specifies that Plaintiff **indorsed the instrument** and returned it to the City of Glendale, thereby tendering payment under the **UCC**. Despite this, the Defendant failed to act, giving rise to a **breach of contract** claim (in accordance with UCC 3-603(b)). These factual allegations are sufficient under ***Erickson***, where the court held that general factual allegations supporting a claim are sufficient to survive a motion to dismiss.

2. **Sufficiency of the Complaint Under Hebbe v. Pliler**

In **Hebbe v. Pliler**, 627 F.3d 338, 342 (9th Cir. 2010), the Ninth Circuit reiterated that **pro se pleadings must be construed liberally** and that a complaint may proceed even if it is not perfectly crafted, as long as it states facts that could entitle the plaintiff to relief. The **Hebbe** court noted that "even if the plaintiff's chances of success on the merits appear remote or unlikely," the case should not be dismissed if it otherwise meets the liberal pleading standards under **Federal Rule of Civil Procedure 8**.

The Plaintiff's complaint, while potentially unconventional in its presentation, clearly describes the basic elements of his **negotiable instrument claim** and provides a factual basis for the breach of contract and fiduciary duty claims. Therefore, under **Hebbe**, this complaint must be allowed to proceed, as it sets forth sufficient facts that, if proven, would entitle Plaintiff to relief.

Now, onto the second part of the defense's concerns regarding the defense wanting a "more definite statement."

The plaintiff would like to make it abundantly clear… he has already offered to meet the defense over dinner or drinks to explain UCC Article 3 in excruciating detail. Local Rule 7-3 says "preferably in person" and I personally think that is, factually, the best way to settle any controversy. But Mr. Arias assured me that he believed that this meet and confer could be done over the phone.

Mind you, his office is within walking distance of me and, right in between us, is countless restaurants and bars on a street called "Brand Blvd." So any excuse to not meet in person is far from a ridiculous request. Mr. Arias and I could meet at no less than 10 excellent spots for a detailed discussion of the situation, of which I would even pick up and perform upon the final unconditional order to pay (otherwise known as a "bill," which is a negotiable instrument as well!).

The first time that myself and Mr. Arias spoke, it did not go much of anywhere. He was not very open to hearing much of anything about the complaint. The second time we spoke, he was

moderately more open to hearing about the complaint. Both times I clearly asked him if he had any additional questions or concerns as regards to the complaint and he assured me that he did not.

Now, I have an interest to ensure that the defense understands my complaint. But, at the same time, my responsibility to ensure a lack of understanding on behalf of the defense ends at a certain point. Either Mr. Arias has additional questions, of which we could meet in person and handle them in detail, or I am going to assume that he is acting in bad faith by pretending he does or does not understand. His understanding or not understanding my complaint is not my concern and ignorance of the law is not an excuse for non-performance.

3. **The Plausibility Standard and Nordstrom v. Ryan**

The Ninth Circuit, in *Nordstrom v. Ryan*, 856 F.3d 1265 (9th Cir. 2017), further supports Plaintiff's position that his complaint is sufficient. *Nordstrom* held that a complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." This standard, set forth by the Supreme Court in *Ashcroft v. Iqbal*, requires only that the factual allegations allow the court to "draw the reasonable inference" that the defendant is liable for the misconduct alleged.

Here, Plaintiff's allegations that Defendant failed to honor a negotiable instrument, which was lawfully tendered as payment after actually being sent to him by the defendant, are plausible on their face. The Defendant's inaction in this case is sufficient to raise an inference of breach, and the complaint satisfies the *Iqbal/Nordstrom* plausibility standard. The duty that was breached was to either perform or dishonor the instrument in accordance with UCC 3-502.

The plaintiff feels as though he is being more than generous in his time and effort to ensure the understanding of Mr. Arias, but I cannot be saddled with the responsibility of my case losing merit based on the idea that I cannot forcefully bash information into another person's mind. Each individual

has various aspects that may defend against or prevent information from entering the mind of which challenges their current paradigm. There is only so much I can do to manage that and I would like this most honorable court to take judicial notice that I am, in fact, attempting to act in 'good faith' as it is described in UCC 1-201(20), which states: "means honesty in fact and the observance of reasonable commercial standards of fair dealing."

Ignorance is not a valid defense and, in fact, if it continues despite efforts to manage it then it should be considered bad faith. If such ignorance is continued and I need to continually combat it in this case, I will have no choice but to file BAR complaints as well as motions for sanctions. I want to be clear that this is NOT what I want to do. But I also do not appreciate being asked over and over to clarify something just to turn around and need to file in opposition to a motion that communicates that I did not do everything I could to help the defense understand (above and beyond my duties as a plaintiff).

If Federal jurisdiction on this case is accepted, I would like to extend a more extensive dinner on my behalf (paid by myself) in an effort to assist Mr. Arias in availing himself of the glories of the Uniform Commercial Code Article 3.

**C. Defendant's Request for a More Definite Statement is Unwarranted**

The Defendant's request for a **more definite statement** under **Rule 12(e)** is unnecessary and should be denied. The complaint provides a clear and sufficient factual basis for the claims asserted, detailing the actions related to the **negotiable instrument** and the failure of the Defendant to fulfill its obligations under the **UCC**. In fact, re-writing it would simply over-complicate something that is already in its most basic and simple form.

As the court noted in *Erickson*, "specific facts are not necessary" as long as the complaint provides the defendant with fair notice of the claims. Plaintiff has already described the core facts of

his claims, and Defendant's refusal to acknowledge or engage with those facts should not be grounds for dismissal or for requiring a more definite statement.

## III. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court:

1. **Deny the Defendant's Motion to Dismiss** for lack of subject matter jurisdiction, as the Plaintiff has clearly raised federal questions involving **negotiable instruments**, which have significant federal and interstate implications.

2. **Deny the Defendant's request for a more definite statement**, as the complaint is sufficiently clear and provides an adequate basis for the Defendant to respond.

Plaintiff further reiterates his willingness to resolve this matter in good faith and requests that the Defendant reciprocate such efforts to reach a fair and just conclusion.

Dated: October 11$^h$, 2024            RESPECTFULLY SUBMITTED,

BRANDON JOE WILLIAMS®

BY: /s/ *Brandon Joe Williams, agent*
Brandon Joe Williams, PRO SE
P.O. Box 1962
Glendale, California 91209
Brandon@williamsandwilliamslawfirm.com
(747) 273-0799

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11th, 2024, a copy of the foregoing was filed with the Clerk of this Court by ECF.

*Distribution:*

All counsel of record